Hand-Delivered

FILED
CHARLOTTE, NC

SEP 18 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

Jon Alexander Kwaigaye,
Plaintiff,

3:25-cv-712-KDB

v.

City of Charlotte (Charlotte Area Transit System – CATS),
Defendant.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**(Retaliation, Wrongful Termination, and Defamation)**

### I. PARTIES

1. Plaintiff, Jon Alexander Kwaigaye, is an individual residing in Mecklenburg County, North Carolina.

2. Defendant, City of Charlotte, is a municipal corporation operating in Mecklenburg County, North Carolina, and oversees the Charlotte Area Transit System ("CATS").

### II. JURISDICTION & VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq. ("Title VII").

4. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state law claims.

5. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Charlotte, North Carolina.

### III. FACTUAL ALLEGATIONS

6. Plaintiff was employed by the City of Charlotte through CATS for more than 14 years, consistently arriving early, meeting expectations, and exceeding job responsibilities.

7. In July 2024, Plaintiff was first subjected to workplace hostility when coworker Kenny Myers threatened, bullied, and harassed him.

8. Between July and October 2024, Myers escalated his misconduct by filing multiple false complaints against Plaintiff through the City hotline.

9. Plaintiff promptly reported these incidents—including harassment, bullying, and safety concerns—to his supervisor, who elevated the matter to CATS Human Resources ("HR"). Nearly the entire department, including Plaintiff's supervisor, expressed safety concerns about Myers.

10. Despite these reports, CATS HR took no corrective action. Instead, Plaintiff was targeted for retaliation.

11. In October 2024, Myers filed a false complaint accusing Plaintiff of "time theft" for approximately seven hours of alleged unearned overtime (worth about $121.50).

12. Plaintiff possessed badge swipe records and GFI data proving he worked beyond regular shifts in accordance with CATS's on-call policy.

13. Nevertheless, CATS relied on incomplete and inaccurate audit data. Sign-in sheets were missing and never disclosed to Plaintiff.

14. HR Manager Marcy Nelson and Temporary HR Employee Kimberly Goodman refused to provide Plaintiff with the specific disputed dates during the investigation. Plaintiff only discovered the dates later during the unemployment process.

15. Nelson further repeated Myers's false accusations to the unemployment office, causing Plaintiff to be denied unemployment benefits.

16. In December 2024, Plaintiff was wrongfully terminated based solely on these false allegations.

17. Myers's actions were supported by Arthur Wallace, another City employee, and facilitated by CATS HR staff.

18. Myers and Wallace harassed, bullied, photographed, and recorded Plaintiff without consent while fabricating accusations.

19. Plaintiff and his supervisor reported these threats and safety issues to HR, the CATS CFO, and the department manager. Despite widespread concerns, no corrective action was taken.

20. Shortly afterward, both Plaintiff and his supervisor were terminated.

21. Meanwhile, Wallace—whose timesheets were also flagged for adjustments in the same audit—remained employed, demonstrating disparate treatment and discrimination against Plaintiff.

22. Myers exploited insider knowledge and connections within CATS, as his mother, Grace Myers, had previously worked in CATS HR.

23. In addition to the false time-theft allegations, Myers and CATS HR staff spread defamatory rumors about Plaintiff, including false claims of:

a. Time theft; and

b. An inappropriate relationship with his supervisor.

24. These false statements were communicated to coworkers, the CATS CFO, and the Bus Operations Department ("BOD"), severely damaging Plaintiff's professional reputation and causing emotional distress.

25. Plaintiff's termination was the direct result of retaliation for reporting harassment and safety concerns, combined with defamatory statements spread by Myers and condoned by CATS HR.

26. As a result, Plaintiff lost employment, income, pension, 401(k) benefits, and suffered severe emotional distress, reputational damage, and financial hardship.

## IV. CLAIMS FOR RELIEF

Count 1: Retaliation under Title VII (42 U.S.C. § 2000e-3(a))

27. Plaintiff engaged in protected activity by reporting harassment, bullying, and unsafe conditions.

28. Defendant retaliated by subjecting Plaintiff to a false investigation and ultimately terminating his employment.

Count 2: Wrongful Termination under North Carolina Public Policy

29. Defendant terminated Plaintiff for reporting safety issues and workplace harassment, in violation of North Carolina public policy.

Count 3: Defamation under North Carolina Law

30. Myers, Wallace, and CATS HR knowingly published false statements accusing Plaintiff of time theft and improper conduct.

31. These statements were communicated to third parties, including coworkers, CATS executives, and the BOD, causing reputational harm and emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff on all counts;

b. Award back pay, front pay, and lost benefits (including pension/401(k));

c. Award damages for emotional distress and reputational harm;

d. Award punitive damages on the defamation claim;

e. Award costs and reasonable attorney's fees (if counsel is retained);

f. Grant such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## Signature

Respectfully submitted,

Jon Alexander Kwaigaye

14022 Pinyon Pine Lane

Charlotte, NC 28215

Pro Se Plaintiff