IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00712-KDB-SCR

| | |
|---|---|
| JON ALEXANDER KWAIGAYE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

On September 18, 2025, Plaintiff Jon Alexander Kwaigaye filed a lawsuit against Defendant City of Charlotte ("City"), alleging employment discrimination, retaliation, wrongful termination, and defamation after it terminated him "for reporting safety issues and workplace harassment." Doc. No. 1 at 3. Now before the Court is Kwaigaye's Motion for Default Judgment (Doc. No. 7), which he filed after City failed to make an appearance or timely answer his Complaint.

As an initial matter, Federal Rule of Civil Procedure 55 provides for a two-step default judgment process when a defendant fails to plead or defend. *Godlove v. Martinsburg Senior Towers, LP*, No. 3:14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015) (citing *Rodriguez v. Irwin,* No. 7:10–CV–102–FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011)) (citation omitted). "First, under Rule 55(a), 'the clerk must enter the party's default' upon the plaintiff[']s request." *Id.* (quoting *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981)) (citation omitted). "Only after the clerk enters a default may the plaintiff seek a default judgment." *Id.* (first citing Fed. R. Civ. P. 55(b); and then citing *Rodriguez,* 2011 WL 737316, at *5).

1

Here, Kwaigaye did not seek entry of default under Rule 55(a) before moving for default judgment. "Because compliance with Rule 55(a) is a prerequisite for entry of default judgment, this motion is 'not on the proper procedural footing.'" *Id.* (citing *L & M Cos. v. Biggers III Produce, Inc.,* No. 3:08cv309–RJC–DCK, 2010 WL 1439411, at *5 (W.D.N.C. Apr. 9, 2010)) (noting that entry of default is a prerequisite to the entry of a default judgment) (additional citations omitted). Accordingly, the Court will deny the Motion for Default Judgment.

Further, City contends that it was not properly served with the Summons and Complaint. Absent waiver of service of process or consent, the failure to obtain proper service of process – even if the defendant gains actual notice – deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party.").

Kwaigaye purported to serve City by sending a copy of the Summons and Complaint to "Charlotte Area Transit System." Doc. No. 6 at 3. City contends that this does not constitute proper service because Kwaigaye did not follow either Federal Rule of Civil Procedure 4(j), or North Carolina Rule of Civil Procedure 4(j)(5)(a), which govern how to properly serve a local government such as City. Doc. No. 8 at 1–2. Specifically, City alleges that the "summons and complaint were neither addressed to nor received by the appropriate agents of the City." *Id.* at 1–2. And, it asks the Court to direct Kwaigaye to properly effect service. *Id.*

Federal law authorizes a government defendant to be served in accordance with state law. *See* Fed. R. Civ. P. 4(j)(2)(B). North Carolina law provides that service on a city may be effectuated by

> personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the mayor, city manager, or clerk, delivering to the addressee, and obtaining a delivery receipt.

N. C. R. Civ. P. 4(j)(5)(a).

The Court finds that Kwaigaye has not yet effected service in accordance with either federal or state rules of civil procedure, although it is undisputed that City has actual notice of the matter (and has now filed its Answer). Therefore, the parties are directed to meet and confer no later than December 5, 2025, to determine whether they can – in light of City's acknowledged notice and responsive pleading – agree on the completion of service to allow the case to move forward on the merits. If the parties cannot agree, Kwaigaye will have thirty (30) days from December 5, 2025, to complete service.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 18, 2025

Kenneth D. Bell
United States District Judge